IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Javed Iqbal,** | ) | |
|     Plaintiff | ) | Civil Action |
| | ) | File No. 4:20-cv- |
| v. | ) | |
| | ) | |
| **S & S USA Enterprises, Inc.; Sami Business, Inc.; Sarah Khan Sohail; and Muhammad Sohail Sheikh,** | ) | Jury Demanded |
|     Defendants. | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW PLAINTIFF, Javed Iqbal ("Mr. Iqbal" or "Plaintiff"), and complains of S & S USA Enterprises, Inc.; Sami Business, Inc.; Sarah Khan Sohail; and Muhammad Sohail Sheikh (collectively, the "Defendants"), and for cause of action would respectfully show the Court as follows:

### I.
### INTRODUCTION AND SUMMARY OF SUIT

1.  Mr. Javed Iqbal files this civil action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). He seeks unpaid overtime wages from the Defendants.

2.  Defendants own, operate and control gasoline stations and/or convenience stores in the Houston Metropolitan area. Mr. Iqbal worked as a clerk for Defendants' businesses.

3.  Mr. Iqbal routinely worked in excess of 40 hours a week, yet he did not receive overtime wages as the FLSA requires. *See* 29 U.S.C. § 207(a).

4.  This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Mr. Iqbal.

1

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

5. Mr. Iqbal brings before this Honorable Court claims pursuant to a federal statute, the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*; thus, the Court has federal question jurisdiction pursuant to 28 U.S.C. §1331.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

7. Plaintiff, **Javed Iqbal**, is a resident of Harris County, Texas. Plaintiff was an employee engaged in commerce while he worked for the Defendants as a clerk.

8. Defendant, **S & S USA Enterprises, Inc.**, is a Texas corporation to be served with summons and complaint by serving its duly appointed registered agent, Ms. Sarah Khan Sohail, at the address the legal entity designates for service, 4615 Silverlake Drive, Sugar Land, Texas 77479. This Defendant is engaged in business in the State of Texas by its ownership and operation of one or more gasoline stations and/or convenience stores. For this reason, the Court has personal jurisdiction over this Defendant.

9. Defendant, **Sami Business, Inc.**, is a Texas corporation to be served with summons and complaint by serving its duly appointed registered agent, Ms. Sarah Khan Sohail, at the address the legal entity designates for service, 4615 Silverlake Drive, Sugar Land, Texas 77479. This Defendant is engaged in business in the State of Texas by its ownership and operation of one or more gasoline stations and/or convenience stores. For this reason, the Court has personal jurisdiction over this Defendant.

10. Defendant, **Sarah Khan Sohail,** may be served with summons and complaint at her residential address, 4615 Silverlake Drive, Sugar Land, Texas 77479. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to an employee, namely,

Mr. Iqbal.  Further, this Defendant resides, and is engaged in business, in the State of Texas. For this reason, the Court has personal jurisdiction over this Defendant.

11. Defendant, **Muhammad Sohail Sheikh,** may be served with summons and complaint at his residential address, 4615 Silverlake Drive, Sugar Land, Texas 77479. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to an employee, namely, Mr. Iqbal.  Further, this Defendant resides, and is engaged in business, in the State of Texas. For this reason, the Court has personal jurisdiction over this Defendant.

12. Whenever this complaint alleges that one or more Defendant committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by those Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of one or more Defendant's officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA COVERAGE

13. Plaintiff alleges a willful violation of the FLSA.  As such, for purposes of this civil action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

14. During the relevant period, each Defendant was an "employer". 29 U.S.C. § 203(d).

15. During the relevant period, Mr. Iqbal was an "employee". 29 U.S.C. § 203(e).

16. During the relevant period, the Defendants collectively constituted an "enterprise". 29 U.S.C. § 203(r); 29 U.S.C. § 203(s)(1)(A).

17. During the relevant period, the Defendants together were an integrated enterprise. *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

18. During the relevant period, Defendants were an enterprise engaged in commerce or in the production of goods for commerce because they had employees who were engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203(s)(1).

19. Furthermore, Defendants have had, and continue to have, annual gross business volume in excess of the statutory standard.

20. During the relevant period, Mr. Iqbal was an individual employee engaged in commerce. 29 U.S.C. § 207.

## V.
### Facts

21. The Defendants employed Mr. Iqbal as a store clerk at two of their businesses for approximately nine years.

22. For eight (8) months, from December 1, 2019 until August 2, 2020, Mr. Iqbal worked at a convenience store doing business as "A & B Grocery". Upon information and belief, A & B Grocery is, or was, owned by Defendant Sami Business, Inc. during the relevant period. A & B Grocery is located at 515 Berry Road, Houston, Texas 77022.

23. Prior to December 1, 2019, for approximately eight years and four months, Mr. Iqbal worked at a gasoline station and convenience store doing business as "Berry Food Store". Upon information and belief, Berry Food Store is, or was, owned by Defendant S & S USA Enterprises, Inc. during the relevant period. Berry Food Store is located at 516 Berry Road, Houston, Texas 77022.

24. During his employment, Mr. Iqbal worked overtime hours on a weekly basis.

25. Typically, Mr. Iqbal worked from 2:00 p.m. until 11:00 p.m. each day from Sunday through Thursday. On Friday and Saturday, Mr. Iqbal worked from 2:00 p.m. until 12:00 a.m.

26. For all hours worked (straight-time and overtime), Mr. Iqbal received from the Defendants $12.00 per hour.

27. Not only did the Defendants fail to fulfill their statutory obligation to pay overtime wages, they also failed to maintain the time and pay records pertaining to Mr. Iqbal.

28. Mr. Iqbal performed duties typically performed by a gas station and convenience store clerk, such as operating the cash register, assisting local and out-of-state customers with their purchases, stocking inventory on shelves, and cleaning the premises.

29. The Defendants controlled Mr. Iqbal's terms and conditions of employment, including decisions relating to payment of some but not all wages due (i.e., non-payment of overtime wages), Mr. Iqbal's hourly pay rate, and the number of hours Mr. Iqbal worked during each workweek.

30. The individual Defendants own(ed), control(led) and operate(d) A & B Grocery and Berry Food Store during the relevant period; and, the Defendants possessed the authority to make all decisions pertaining to the operation of these businesses.

31. For nine years, Defendants willfully and purposefully failed to pay the overtime wages Mr. Iqbal earned and was owed under the FLSA. To the maximum extent of the law, Mr. Iqbal now seeks to recover from the Defendants all overtime wages due.

## VI.
### CAUSE OF ACTION AND DAMAGES SOUGHT

<u>Violation of the FLSA – Failure to pay overtime wages to Plaintiff</u>

32. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

33. Defendants violated the FLSA by failing to pay Mr. Iqbal at the premium overtime rate as 29 U.S.C. § 207 requires.

34. Defendants also committed repeated and willful violations of the recordkeeping requirements of the FLSA and its regulations. *See,* 29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27.

35.     During the relevant period, Mr. Iqbal was a non-exempt employee – that is, he was entitled to receive overtime pay for all hours he worked in excess of 40 during each seven-day workweek.

36.     During his employment with the Defendants, Mr. Iqbal worked overtime hours on a weekly basis at the request of his employer.

37.     Despite Defendants' awareness of the overtime pay requirements the FLSA imposed upon them, Defendants informed Mr. Iqbal that he would not receive the overtime wage premium for hours he worked in excess of 40 on a weekly basis.

38.     Mr. Iqbal in fact received no overtime wage premium for the overtime hours he worked each week during the relevant period.

39.     Defendants' knowing, repeated and consistent failure, over nine years, to pay overtime wages to Mr. Iqbal on a weekly basis amounts to a willful pattern and practice of illegal conduct under the FLSA.

40.     Mr. Iqbal thus sues the Defendants for all unpaid overtime wages falling within the relevant period. Day-in and day-out, Mr. Iqbal devoted nine years to enrich the Defendants, partly at Mr. Iqbal's expense. This is clearly an instance where the statute of limitations operates an injustice upon the Plaintiff.

41.     Mr. Iqbal further seeks liquidated damages in an amount equaling the sum the jury awards for overtime wages under 29 U.S.C. § 207; attorney's fees and costs under 29 U.S.C. §216(b); and, post-judgment interest at the highest rate allowed by law.

## VII.
## JURY DEMAND

42.     Mr. Iqbal demands a jury trial.

## VIII.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Javed Iqbal respectfully requests that upon final hearing the Honorable Court grant relief by entering Final Judgment, jointly and severally, against Defendants S & S USA Enterprises, Inc.; Sami Business, Inc.; Sarah Khan Sohail; and Muhammad Sohail Sheikh, as follows:

a. Declare the Defendants violated 29 U.S.C. § 207 because they failed to pay Plaintiff's overtime wages;

b. Declare the Defendants' violations of the FLSA are willful;

c. Order Defendants to pay Mr. Iqbal's unpaid overtime wages;

d. Order Defendants to pay liquidated damages in an amount equal to Mr. Iqbal's unpaid overtime wages;

e. Order Defendants to pay Mr. Iqbal's reasonable attorney's fees and all costs of litigation; and,

f. Order Defendants to pay post-judgment interest accessed at the highest lawful rate on all amounts, including attorney fees and litigation costs.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

**Attorney for Plaintiff**
**Javed Iqbal**